MERIDIAN MUTUAL FIRE INSURANCE COMPANY *v.* SAPKARIS.

[No. 11,974.   Filed December 16, 1924.]

1. INSURANCE.—*Evidence of ownership of insured household goods held sufficient.*—In an action on a fire insurance policy, evidence of ownership of the goods insured *held* sufficient to sustain the verdict.   p. 273.

2. INSURANCE.—*Evidence as to amount of loss by fire held sufficient.*—In an action on a fire insurance policy, the amount of loss as found by the jury, *held* to be sustained by the evidence.   p. 273.

3. EVIDENCE.—*Lost instrument may be proved by copy where adverse party denied receiving original.*—Where defendant denied receiving the original instrument alleged to have been sent to it by mail, defendant's objection to the introduction

of a copy on the ground that no steps had been taken to require the defendant to produce the original was properly overruled.　p. 274.

4.　EVIDENCE.—*Tax-assessment list was properly excluded when not signed by owner nor signature authorized.*—A tax-assessment list of one's personal properly in the hands of the township assessor is not competent evidence against him as to the value of his property when it has not been signed or sworn to by him or by some one authorized to act for him.　p. 275.

5.　INSURANCE.—*Chattel mortgage executed by insured not competent evidence in action for fire loss when mortgage did not cover insured property.*—In an action on a fire insurance policy, there was no error in excluding a chattel mortgage executed by the insured when the undisputed evidence showed that the property covered by the mortgage was not covered by the policy sued on.　p. 276.

From Jackson Circuit Court; *James A. Cox,* Judge.

Action by Gus Sapkaris against the Meridian Mutual Fire Insurance Company.　From a judgment for plaintiff, the defendant appeals.　*Affirmed.*

*Manifold & O'Harra* and *Montgomery & Montgomery,* for appellant.

*R. L. Mellen,* for appellee.

McMAHAN, J.—Appellee recovered a judgment against appellant for the value of certain household goods insured by appellant and destroyed by fire.　The only error assigned relates to the action of the court in overruling appellant's motion for a new trial.

Appellant contends the verdict is not sustained by sufficient evidence and is contrary to law because there is no evidence that appellee was the owner of the property when the policy was issued or at the time of the fire.　A reading of the evidence as set out in the briefs and in the bill exceptions clearly shows that this contention is not well founded.

Appellant next says the amount of recovery is too large.　In support of this contention, appellant refers

to the testimony of one witness who testified 2. that the value of the property destroyed was $1,200 and says that this evidence is undisputed. Without entering into an extended discussion of the evidence as to the value of the property, it is sufficient to state that a number of witnesses other than the one referred to by appellant testified concerning the amount, quality and value of the property destroyed. There was evidence to justify the jury in finding that the fire destroyed a piano, a piano bench, a victrola, a child's bed, eight leather chairs, two dressers, a chest, a trunk, a cabinet, a buffet, a large amount of wearing apparel, bedding, rugs, desks, etc. There was evidence that the value of the piano, the brass bed, the victrola and one of the rugs was $1,285. There was also evidence as to the value of the other property which the jury evidently believed and which we cannot ignore. With this evidence in the record, the contention that amount of the recovery is too large cannot be sustained.

Over appellant's objection, appellee read in evidence what purported to be the duplicate copy of an affidavit, the original of which, according to the evidence, 3. had been mailed to appellant, but which appellant denied receiving. The objections to the introduction of this paper in evidence were that it had not been sworn to, that there was no showing that the original had been lost or destroyed, and that no steps had been taken to require appellant to produce the original. The instrument read in evidence purported to be a duplicate of an affidavit signed by appellee stating that, in his opinion, the value he had placed upon the property destroyed was its fair value and that his claim was not excessive, but, in order to bring about a settlement and adjustment of his claim, he was willing to make a ten per cent. reduction, and that he was not able, at that time, to produce the original invoices or

certified copies thereof.    Our attention has not been called to anything requiring such instrument to be furnished or that it should be verified.    It appears to have been a voluntary act on the part of appellee in sending it.    Since appellant denied receiving the original, the objection that no steps had been taken to require it to produce the original was properly overruled.

Appellant offered to introduce in evidence what purported to be the original assessment list of appellee for 1921, and also a certified copy of the same.    Appellee's objections to the introduction of these instruments were sustained.    This list was not signed by appellee or by any other person for him.    It was not sworn to by him or any other person.    The deputy assessor who appears to have assessed appellee, and whose name appears in the assessment list, testified that he did not know appellee.    There was no error in refusing to admit these instruments in evidence, since there was no proof that appellee signed them or had anything to do with them.    If he did not make the assessment list, either personally or through some one authorized to act for him, it was not competent evidence against him.    *Barlett, Exr.,* v. *Burden* (1894), 11 Ind. App. 419.

Ernest Blackburn testified that he moved appellee's household goods from Cincinnati to Seventh street in the city of Bedford, and that, four or five months later, he moved them from Seventh street to the place where they were burned.    In answer to a question who lived on Seventh street at the house where he moved the goods to, he replied that a party by the name of Nickles lived there and that he moved "the people out of this house."    He was then asked, "What relation were they, if any, to Sapkaris?"    There was no evidence that this party lived in the house with appellee, or that the property which was moved out of the house by the witness

was in the house when the insurance policy was issued. The court, in sustaining appellee's objection to the question, intimated that if there was any evidence that these parties lived there and occupied the same rooms that were occupied by appellee and if appellant's agent went there and inspected the furniture that did not belong to appellee, the question might be proper. After the court had sustained the objection to the question, appellant's counsel, without asking any other question offered to show by this witness that the property moved away was the property of appellee's sister-in-law and was the property listed. If appellant's counsel thought he could have proven that the property moved away was a part of the property covered by the policy issued to appellee and had asked the witness a question tending to elicit such fact, it is clear, from the statement of the court, that he would have permitted the witnesses to have been interrogated on that subject. The question asked and to which the objection was sustained did not purport to elicit such facts. There was no error in sustaining the objection to the question asked.

The next contention is that the court erred in sustaining appellee's objections to a number of questions asked certain witnesses who testified by deposition and to the exclusion of a chattel mortgage on certain property. There is no evidence that the property about which these witnesses testified and which was mentioned in the mortgage was moved from Cincinnati to Bedford and included in the policy. There was evidence that the property covered by the mortgage was used in a restaurant formerly owned by appellee at Cincinnati, and was sold by him when he sold that restaurant, was not moved to Bedford and was not covered by the policy sued on. This evidence was undisputed.

The court did not err in sustaining the objections to the offered evidence.

No reversible error being shown, the judgment is affirmed.